UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BRAD SMITH** | : | CIVIL ACTION NO. 17-cv-1111 |
| D.O.C. # 407647 | | |
| **VERSUS** | : | UNASSIGNED DISTRICT JUDGE |
| **COACH BRIAN KING** | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court is defendant Brian King's Motion to Strike and Motion for Costs [doc. 16], in which he seeks to remove allegedly immaterial and impertinent pleadings from plaintiff Brad Smith's civil rights complaint [doc. 1] under Federal Rule of Civil Procedure 12(f). Smith is an inmate in the custody of the Louisiana Department of Public Safety and Corrections, and is represented by counsel in this matter. He opposes the motions. Doc. 18.

### I.
#### BACKGROUND

This case arises from a civil rights action filed by Smith, who was formerly incarcerated at Allen Correctional Center ("ACC") in Kinder, Louisiana, against Smith, who was then employed as an athletic coordinator at that facility. Doc. 1. Smith alleges that King grabbed him around the neck and threw him to the ground while he (Smith) was restrained during a disciplinary board hearing. *Id.* at 3, 5. As a result, he maintains, he suffered serious injury to the discs in his neck. *Id.* at 3–4. He also alleges that his injury was not properly documented or treated, though he does not name the individuals involved or raise claims based on these allegations. *Id.* He instead asserts that King is liable for his injuries under 42 U.S.C. § 1983 and state tort law. *Id.* at 6–7.

King was served with the complaint on July 12, 2018, and has not filed an answer. Doc. 14. Instead, he filed the instant motion to strike allegations from the complaint relating to the conduct of other guards at ACC against other inmates and to the existence of "any other policy or practice" at ACC which might have been violated by King's conduct or might have contributed to the injury. Doc. 16, att. 1; *see* doc. 1, pp. 4–5, ¶¶ 20, 23.

## II.
## LAW & ANALYSIS

### A. Motion to Strike

#### 1. Standards

Federal Rule of Civil Procedure 12(f) authorizes a motion to strike, and provides that the court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Such motions are generally disfavored and should not be granted absent a showing of prejudice to the moving party. *Abene v. Jaybar, LLC*, 802 F.Supp.2d 716, 723 (E.D. La. 2011). Furthermore, where the material is challenged as "redundant, immaterial, impertinent, or scandalous," the motion should only be granted when that portion of the complaint possesses "no possible relation to the controversy." *United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012) (citing *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)).

#### 2. Application

King moves to strike Paragraph 20 of the complaint, where Smith alleges:

> In the alternative, where the guards or other guards may have committed the same acts on other inmates that is unknown at this time, but where same may be shown, or where ratification of the actions of guards may be shown, or violation of or failure to implement any applicable policies or procedures, there may be other persons at fault where same constitutes a deliberate indifference to the constitutional rights of a detainee.

>All rights are reserved herein to name additional defendants during discovery.

Doc. 1, pp. 4–5. King is the only defendant named in this action, and the only person alleged to have had physical conduct with Smith.[1] *See, generally*, doc. 1. Accordingly, he moves to strike the above paragraph from the complaint on the basis that conduct committed by "other guards" against "other inmates" is immaterial and impertinent. He also moves to strike Paragraph 23, where Smith states:

>Whether there was other policy and practice in place at the Allen Parish Correctional Center pertaining to the use of force, which policy was violated and which caused or contributed to the injuries, is unknown at this time.

Doc. 1, p. 5, ¶ 23.

Smith opposes the motion as to both paragraphs. Doc. 18. He argues that discovery is ongoing and that "[i]t is more likely than not that Coach Brian King was not the only one involved in this matter." Doc. 18, p. 3. Although Smith alleges that Paragraph 20's statements are relevant to King's past conduct, the paragraph raises issues relating to "other guards" who "may have committed the same acts on other inmates." Smith is free to amend his complaint and assert claims against any officers who might also be liable for his injuries in some manner or another, and then explore issues regarding their conduct toward other inmates to the extent he can show that conduct is relevant to his claims. However, he can show no current relationship between the claims currently raised against King and unnamed officers who may have violated unspecified policies at unspecified times or otherwise violated the rights of unspecified inmates. The prejudice this paragraph creates to the moving party is clear, as it seems to open the door to discovery regarding

---

[1] King also notes that Smith has filed a parallel action in the state court against King and his employer, The Geo Group, Inc., based on the same alleged incident. Doc. 16, att. 1, p. 1. He (King) states that Smith has not alleged physical contact with anyone other than Brian King in the state court suit. *Id.*

countless ACC employees and inmates when the only claims raised thus far relate strictly to defendant's own conduct against the plaintiff. Accordingly, the Motion to Strike is granted as to Paragraph 20.

As for Paragraph 23, the existence of any policy relating to the use of force at ACC is germane to Smith's claims against King, particularly his negligence claim. King's violation of any institutional policy in his alleged actions toward Smith could reflect a deviation from the appropriate standard of care. Accordingly, the Motion to Strike is denied as to Paragraph 23.

### B. *Motion for Costs*

Finally, King requests that the costs of this motion be assessed against Smith. Doc. 16. Rule 12 does not provide an independent basis for an award of costs. Instead, Federal Rule of Civil Procedure 54(d)(1) states that costs should generally be allowed to the prevailing party, unless a statute, rule, or court order provides otherwise. However, the prevailing party is the one who prevails at the time of final judgment, rather than just the one who succeeds in a "single round." *Dore Energy Corp. v. Prospective Inv. & Trading Co., Ltd.*, 270 F.R.D. 262, 266 (W.D. La. 2010) (quoting *Rodriguez v. Handy*, 873 F.2d 814, 817 (5th Cir. 1989)). In other words, a party is not entitled to an award of costs merely by prevailing at one stage of litigation, without ultimately prevailing in the case. *Id*. No final judgment in this case has been entered and so no award of costs is warranted based on the fact that King has prevailed, in part, on the Motion to Strike.


## III.
### CONCLUSION

Based on the foregoing, Motion to Strike [doc. 16] is **GRANTED IN PART** and **DENIED IN PART**. Paragraph 20 is hereby stricken from the original complaint. The Motion for Costs [doc. 16] is **DENIED**.

THUS DONE AND SIGNED in Chambers this 17th day of September, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE